IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION NOS. 02-771, |
| | : | 02-772, 04-377 |
| v. | : | |
| | : | CIVIL ACTION NO. 07-1735 |
| MICHAEL E. SHARPE | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                              **October 30 , 2007**

After he was found guilty by a jury of conspiracy to commit robbery and receiving stolen firearms[1], the defendant pled guilty to possession of a firearm by a convicted felon and assault on a federal employee[2] , and carrying a firearm in relation to a crime of violence[3]. The defendant was sentenced on the three cases in one proceeding to agreed upon concurrent sentences pursuant to a plea agreement under Fed. R. Crim. P. 11(e)(1)(c).

In his *pro se* motion under 28 U.S.C. § 2255, the defendant attacks the validity of his guilty plea as having been the product of his counsel's ineffectiveness in exploring and investigating a possible defense, and in failing to recognize his diminished capacity to enter an informed plea resulting from post-traumatic stress syndrome caused by his jury conviction and detention. He also makes broad unspecified claims of prosecutorial and judicial misconduct. He asserts that he is innocent of the assault charge because the arresting officers were not federal agents and he acted in self-defense when the officers were arresting him. He does not challenge his conviction or sentence on the charges of

---

[1] Criminal Indictment 02-772.

[2] Criminal Indictment 02-771.

[3] Information 04-377.

which the jury found him guilty. Nor does he attack the appellate waiver contained in his guilty plea agreement.

The government seeks dismissal of the motion because the defendant waived his appellate rights, including the right to collaterally attack his sentence, and his motion was filed after the statutory one year period for filing a §2255 motion had expired. In the alternative, the government argues that the defendant's claims are without merit.

The motion is time barred, and enforcing the defendant's knowing and voluntary waiver of his right to collaterally attack his sentence will not result in a miscarriage of justice. Even if the motion had been timely and there were no valid waiver, the defendant's claims fail on the merits. Therefore, the defendant's motion must be denied.

## Procedural History

The defendant was charged in an indictment with conspiracy to commit robbery and receiving stolen firearms. A jury found him guilty on October 29, 2003. Before he was sentenced on that conviction, he was later charged in an information with carrying a firearm in connection with a crime of violence. The defendant had been charged in another indictment, with assaulting a federal officer in connection with his arrest on the charges that resulted in his conviction.

On June 30, 2004, pursuant to a written plea agreement, the defendant entered a guilty plea to charges included in the second indictment and the information. He and the government agreed to a custodial sentence of 144 months covering all three cases. The plea agreement included a waiver of appellate rights in all three cases, including a waiver of his right to pursue a collateral attack through a habeas motion to vacate, set aside or modify his sentence. The defendant limited his right to appeal to three instances: (1) if the

government appealed; (2) his sentence exceeded the statutory maximum; or (3) the sentencing judge erroneously departed upward from the sentencing guideline range.

On November 5, 2004, the defendant was sentenced to the agreed upon sentence of 144 months imprisonment. The judgment was entered on June 13, 2005. He did not appeal to the Third Circuit Court of Appeals.

The defendant filed his *pro se* motion under 28 U.S.C. § 2255 on April 30, 2007. The government filed its response, raising the habeas statute of limitations and the appellate waiver.

### The Statute of Limitations

The statute of limitations for filing a federal habeas petition is one year. The period begins running from the latest of the following dates: (1) the date that "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;" (2) the date on which an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;" (3) the date on which "the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.§2244(d)(1)(A-D).

The defendant has not presented any evidence that would toll the limitations period beyond the one year after the conviction became final. He does not allege that the

government prevented him from filing his petition in a timely manner. Nor does he assert a newly recognized right. The facts supporting the grounds asserted in his petition were all known or easily discoverable by the exercise of due diligence within the one year period following his conviction. See 28 U.S.C. §2255. Thus, the defendant has failed to allege any basis for extending the limitation period beyond one year after his conviction became final.

The defendant's conviction was entered June 15, 2005. Because he did not appeal, the conviction became final on June 25, 2005, the last day to file a direct appeal. *Moshier v. United States*, 402 F. 3d 116 (2d Cir. 2005) His habeas petition was not filed until April 30, 2007, more than 22 months after his conviction became final. Therefore, because it was not filed within one year and the defendant has alleged no basis for equitable tolling, the petition is time barred.

### The Appellate Waiver

Appellate waivers are valid and enforceable if entered knowingly and voluntarily, and enforcing them will not work a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). A waiver of appeal includes relinquishing "the opportunity to challenge the sentence imposed, regardless of the merits." *Id*. at 561.

A waiver may be invalidated in the unusual circumstance where an error amounts to a miscarriage of justice. *Id*. at 561-62. Analyzing whether an appellate waiver should be set aside to avoid a potential miscarriage of justice, the court considers a number of factors. *Khattak*, 273 F.3d at 563. Relevant factors include "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a

statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id.*; *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001). While noting that it "chose not to earmark specific situations," the *Khattak* court stated that these factors are offered as "some guidelines," and emphasized that the governing standard is one of a "miscarriage of justice." *Id.* at 563.

Only where the petitioner claims that the waiver itself was the result of counsel's ineffectiveness will courts decline to enforce an appellate waiver in a motion under 28 U.S.C. § 2255   *United States v. White*, 307 F.3d 336, 337 (5th Cir. 2002); *United States v. Clark*, No. 05-2201, 2006 WL 1096157 at *2 (3d Cir. Apr. 26, 2006). Thus, all other ineffective counsel contentions are precluded by the waiver.

To ensure that an appellate waiver is knowing and voluntary, the judge must inform the defendant of the plea agreement provisions waiving the right to appeal or collaterally attack a sentence, and determine that the defendant understands the waiver. *Khattak*, 273 F.3d at 560. The defendant was so advised during his guilty plea colloquy.

In his motion, the defendant does not contend that he entered the plea agreement unknowingly or that he did not understand the waiver. His contention is that he surrendered his desire to fight the assault and gun charges because he was suffering from post-traumatic stress from his recent conviction and incarceration. At his guilty plea, the defendant was specifically advised of his appellate rights and his right to collaterally attack his sentence by a habeas petition. He acknowledged that he had these rights and was relinquishing them. He confirmed repeatedly that his decision to plead guilty was voluntary

and he was pleading guilty of his own free will.  He also stated that he was satisfied with his attorney's representation and that his attorney had answered all his questions regarding the offenses and the plea agreement.  At no time during the guilty plea colloquy did he exhibit any reluctance to go forward or a lack of understanding of what he was giving up by pleading guilty.  Prior to accepting the plea, I found that the defendant's willingness to enter a guilty plea was voluntary and he had a full understanding of his right to go to trial.  Thus, the defendant's appellate waiver was knowing and voluntary; and, absent a miscarriage of justice, it should be enforced.

Justice will not be compromised by enforcing the waiver. The defendant received the sentence he had negotiated as part of a global resolution of three separate criminal cases.  His cases were consolidated and he was sentenced in a single proceeding, assuring him concurrent sentences with a cap of 12 years.

The defendant was sentenced to 144 months, the sentence he had agreed was reasonable.  At the close of the sentencing hearing, the defense attorney advised the defendant of his appellate rights, including the appellate waiver.

Because the waiver was knowing and voluntary, it must be enforced.  The government did not appeal the sentence, the sentence was what the defendant had agreed to accept and did not exceed the statutory maximum sentence.  The defendant has not offered nor do I find any circumstances that would result in a miscarriage of justice by enforcing the waiver.  Therefore, absent ineffectiveness of counsel that caused the defendant to waive his appellate rights, the waiver must be upheld.

**Ineffective Assistance of Counsel**

Even if the appellate waiver were invalid, the defendant's claims fail on the merits. The defendant argues that his counsel did not recognize that he was incapable of entering an informed plea as a result of post-traumatic stress caused by his conviction and imprisonment, and had failed to investigate the circumstances surrounding the assault charge.

An ineffective assistance of counsel claim is evaluated under the two-step *Strickland* test which considers, first, whether counsel's performance was so deficient as to constitute a denial of counsel; and, if so, then, whether the alleged errors prejudiced the defendant by depriving him of a fair proceeding. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The defendant cannot demonstrate that his attorney's performance was deficient. There was no indication that the defendant was laboring under any disabling stress at the time of his guilty plea. Indeed, the defendant was competent to enter a plea and to waive his appellate rights. From my observation of the defendant and his participation in both the guilty plea colloquy and the sentencing, I determined that he was competent. There was no evidence that he was suffering from any physical, mental, psychological or emotional condition that would have impaired his capability to enter a knowing and informed plea. Significantly, the defendant proffers no medical or psychiatric evidence to support his claim that post-traumatic stress syndrome affected his ability to make a deliberate and voluntary decision to plead guilty.

The defendant also argues that his counsel was ineffective because he did not explore the possibility of a defense to the assault charges, including conducting an

investigation which would have revealed witnesses to the arrest.  Contrary to the position taken at his plea hearing, the defendant now claims that the arresting officers appeared to be police impersonators who were attempting to rob him, and he acted in self-defense.  During the plea colloquy, the defendant acknowledged he had read the indictment and the information, had discussed it with his attorney with whom he had also discussed the elements of the offenses and any possible defenses, and was satisfied with his attorney's representation.  At no time did the defendant claim he did not understand the charges, the possible defenses or his trial rights.  On the contrary, he displayed an understanding of the proceedings and the consequences of his pleading guilty.  He was specifically advised to interrupt and seek clarification of anything he did not understand.  He did not do so.

At the plea colloquy, the government's attorney recited the elements of the assault offense and  the facts which she contended the government would have proven had the defendant elected to go to trial.  The defendant admitted those facts and confirmed that he had done what the government said he had.

Defense counsel's performance was hardly deficient.  On the contrary, it was competent and professional.  There was nothing that would have alerted counsel that the defendant's ability to enter an informed plea was anything other than what it was – competent, voluntary and knowing.  Additionally, counsel had no need to investigate a self defense theory when his client admitted he did precisely what the government said he did and that admission contained the facts establishing the elements of the offense.

## Conclusion

The habeas petition is time barred, having been filed after the one year statute of limitations.  Additionally, the defendant's appellate waiver was knowing and voluntary, and


enforcing it will not work a miscarriage of justice.  Even if the petition had been filed timely and the waiver were invalid, the defendant's claims of ineffectiveness of counsel, as well as his unsupported other grounds, are meritless.  Therefore, the motion will be denied.

O:\Criminal\MEMORANDUM OPINIONS\04-377 Sharp 2255 Memorandum Opinion.Draft 6.wpd